UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIRSO ESTEBAN-BRAVO                                                              PETITIONER

V.                                           CIVIL ACTION NO. 3:24-CV-297-KHJ-MTP

FCI WARDEN                                                                       RESPONDENT

ORDER

Before the Court is the [18] Report and Recommendation of United States Magistrate Judge Michael T. Parker. For the following reasons, the Court adopts the [18] Report and dismisses the [1] Petition for Writ of Habeas Corpus with prejudice.

The Court adopts the [18] Report's background section, which explains the events giving rise to this federal habeas action:

> According to [pro se Petitioner Tirso Esteban-Bravo ("Esteban-Bravo")], on May 19, 2016, he was sentenced in the United States District Court for the Southern District of Texas to a 172-month term of imprisonment for conspiracy to possess with intent to distribute methamphetamine and illegal reentry by a previously deported alien. [Esteban-Bravo] is currently housed at the Federal Correctional Complex in Yazoo City, Mississippi.
> On May 23, 2024, [Esteban-Bravo] filed the instant [1] Petition under 28 U.S.C. § 2241[,] arguing that he has earned First Step Act time credit, which the Bureau of Prisons ("BOP") has not applied to his sentence. Respondent [FCI Warden] filed a [17] Response in [O]pposition. [Esteban-Bravo] filed no reply.

[18] at 1 (cleaned up).

The [18] Report recommends dismissing the [1] Petition with prejudice. It explains that the "First Step Act provides eligible inmates with opportunities to

participate in and complete recidivism reduction programs . . . which offer the inmates potential reductions in their sentences." [18] at 1–2 (citing 18 U.S.C. § 3632). Since he has completed some of these programs, Esteban-Bravo argues he is entitled to one year of early release credit, but the BOP refuses to grant it. *Id.* at 2. This is because "prisoners with final orders of removal remain ineligible to apply time credits." *Id.* (first citing 18 U.S.C. § 3632(d)(4)(E)(i); and then citing *Peña v. Warden FCI Pollock*, No. 1:24-CV-316, 2024 WL 3174524, at *1 (W.D. La. May 9, 2024), *report and recommendation adopted*, 2024 WL 3173621 (W.D. La. June 25, 2024)). Because Esteban-Bravo is subject to a final order of removal, *see* [1] at 2; *see also* Order [17-1] at 3, he has "failed to demonstrate that he is eligible to apply First Step Act time credits" to his sentence. [18] at 2.

When no party objects to a Magistrate Judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Rather, the Court can apply the clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

The [18] Report notified Esteban-Bravo that his failure to file written objections would bar further appeal in accordance with 28 U.S.C. § 636(b)(1). [18] at 3. Esteban-Bravo failed to object to the [18] Report's findings or conclusions, and the time to do so has passed. The [18] Report is not clearly erroneous or contrary to law. So the Court adopts the [18] Report in its entirety as the opinion of this Court.

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the reasons stated, the Court ADOPTS Magistrate Judge Michael T. Parker's [18] Report and Recommendation and DISMISSES Petitioner Tirso Esteban-Bravo's [1] Petition with prejudice. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 31st day of March, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE